# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-2362

Diana Whipple,

    Plaintiff/Movant,

v.

Westhill Exchange LLC,

    Defendant.

## COMPLAINT

For this Complaint, Plaintiff, Diana Whipple, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in its illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Diana Whipple ("Plaintiff"), is an adult individual residing in Aurora, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Westhill Exchange LLC ("Westhill"), is a Utah business entity with an address of 5251 DTC Parkway, Suite 950, Greenwood Village, Colorado 80111, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

5. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to Westhill for collection, or Westhill was employed by the Creditor to collect the Debt.

8. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Westhill Engages in Harassment and Abusive Tactics

9. Within the last year, Westhill called Plaintiff's place of employment and spoke with her coworkers regarding the Debt.

10. In addition, Westhill called Plaintiff's place of employment up to fifteen (15) times in a single day.

11. Westhill also threatened to file a lawsuit against Plaintiff if the Debt was not paid immediately. To date, no such lawsuit has been filed.

### C. Plaintiff Suffered Actual Damages

12. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

13. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendant's conduct violated 15 U.S.C. § 1692b in that Defendant communicated with third parties for a purpose other than to confirm or correct location information.

16. Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with third parties regarding the Debt.

17. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

18. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

19. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

20. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

21. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

22. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

24. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in her favor and against Defendant as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 26, 2014

Respectfully submitted,

By  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.co
*Attorneys for Plaintiff*

Plaintiff:
Diana Whipple
17611 E. Tennessee Pl
Aurora, CO 80017